# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CT-01376-SCT

*ABC MANUFACTURING CORPORATION*

*AND CONTINENTAL CASUALTY COMPANY (CNA INSURANCE COMPANY)*

*v.*

*MARTHA JANE DOYLE*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 9/24/97 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | BENTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | DENNIS W. VOGE |
| ATTORNEY FOR APPELLEE: | B. SEAN AKINS |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | REVERSED AND REMANDED - 09/02/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 09/23/99 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. Appellee Martha Jane Doyle sought workers' compensation benefits for injuries she allegedly sustained while on the job at ABC Manufacturing Corporation. The administrative law judge found that her claim was barred by the one-year statute of limitation, and the Workers' Compensation Commission dismissed the claim. The Circuit Court of Benton County reversed and reinstated Doyle's claim.

¶2. ABC and its insurer, Continental Casualty Company, appealed. The Court of

Appeals reversed and rendered, finding that Doyle's claim was barred by the one-year statute of limitations. Doyle's petition for certiorari was granted by this Court.

## FACTS

¶3. The relevant facts in this matter are essentially undisputed. On February 2, 1993, Doyle suffered a back injury arising out of and in the course of her employment as a sewing machine operator at ABC Manufacturing Corporation ("ABC") in Ashland, Mississippi. Doyle received medical treatment from doctors supplied by her employer. Doyle also received temporary total disability benefits through June 4, 1993, when the treating doctor released her to return to work. Despite the doctor's finding that she was able to work, Doyle continued to claim that she was in pain. Doyle attempted to return to work but, according to her, was physically unable to perform her duties.

¶4. On August 18, 1993, ABC filed with the Workers' Compensation Commission a "Notice of Controversy" and thereby sought a determination of the compensability of Doyle's injuries and her purported inability to work. No hearing was held on the Notice of Controversy, and the Commission did not issue a ruling.

¶5. On October 20, 1993, ABC filed a Form B-31 Final Report. Doyle acknowledged receipt of her copy of the Form B-31 which was mailed to her by certified mail. The Form B-31 notified the Commission and Doyle that a final payment of compensation in the amount of $2,494.99 had been made to Doyle. Form B-31 includes a warning to the claimant that "the closing of this file may become final one year after the proper filing of this form," and that, "[i]f you have additional loss of work due to your injury or medical expense within the next year, you should immediately contact your employer, insurance carrier, or the Mississippi Workmen's Compensation Commission, Jackson, MS, for further guidance."

¶6. Doyle sought medical treatment for her back injury after ABC filed the Form B-31. She saw Dr. John Huffman on approximately seven occasions between November of 1993 and November of 1994. She also saw Dr. James Nakashaima once. She admits that she did not submit these medical bills to her employer, the employer's insurance carrier, or the Commission. There is no proof that ABC authorized her to see these doctors.

¶7. Doyle had no contact with ABC, its workers' compensation carrier or the Commission until June 4, 1994, when Doyle's newly retained attorneys filed an entry of appearance with the Commission. The entry of appearance stated that Doyle's new attorneys had been retained "to represent the claimant and institute any necessary proceedings in her interest before the Workers' Compensation Commission." The entry of appearance also referenced and included as an attachment the notice of controversy which stated that Doyle "alleges that she sustained accidental injuries

arising out of and in the course of her employment," that Doyle "alleges that she is due medical and indemnity benefits", and that Doyle "continues to allege that she is unable to return to work and is temporarily disabled and that such is related to her employment."

¶8. Several more months passed without any action being taken. On April 12, 1995, Doyle's attorney filed a Form B-5, 11 Petition to Controvert. On May 3, 1995, ABC and its carrier answered, claiming that Doyle's claim was barred by the one-year statute of limitations. The administrative judge agreed that the claim was time-barred, as did the Workers' Compensation Commission. Doyle appealed to the Circuit Court of Benton County, which reversed and reinstated Doyle's claim.

¶9. ABC appealed and asserted that Doyle's claim was barred by the statute of limitations. The Court of Appeals rendered a decision for ABC. Doyle filed a petition for a writ of certiorari which was granted by this Court.

## STANDARD OF REVIEW

¶10. This Court uses a de novo standard of review when passing on questions of law including statute of limitations issues. *Ellis v. Anderson Tully Co.*, 727 So. 2d 716, 718 (Miss. 1998). Generally, an administrative agency is accorded deference, but when the agency has misapprehended a controlling legal principle, no deference is due, and our review is de novo. *Smith v. Jackson Constr. Co.*, 607 So. 2d 1119, 1125 (Miss. 1992).

## ANALYSIS

¶**11.** ABC filed its Form B-31 on October 20, 1993, thereby placing Doyle on notice that it considered that its obligations had ended and that Doyle's future rights could be terminated if she took no action for one year. The one year statute of limitations is derived from Miss. Code Ann. § 71-3-53 (1995), which states in pertinent part that, upon the application of any party in interest,

> the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may . . . reinstate . . . such compensation, or award compensation.

Section 71-3-53 operates in conjunction with Miss. Code Ann. § 71-3-37(7) (1995), which allows a case to be closed only after the employer has given notice to the employee by a form prescribed by the Commission. That form is Form B-31.

¶12. Procedural Rule 2 of the Mississippi Workers' Compensation Commission states

that "[a] cause will be controverted by the employee's filing with the Mississippi Workers' Compensation Commission a properly executed workers' compensation form B-5, 11." However, a plain reading of § 71-3-53 sets out a broad range of review by the Commission, and not just in response to a Petition to Controvert. Doyle claims that filing the entry of appearance by her new attorneys tolled the running of the statute of limitations and that the Court of Appeals erred in ruling to the contrary.

¶13. Within the one-year period, Doyle's new attorneys filed a petition for acceptance of representation and entry of appearance in which they noted their intention to represent Doyle in the proceedings before the Commission seeking redress for Doyle's workplace injury. The petition included as an exhibit a copy of the notice of controversy previously filed by ABC on which the Commission had never held a hearing. The attachment to the notice recited generally that there was a controversy between the parties as to the nature and extent of Doyle's injuries.

¶14. This Court has held that in order to prevent a claim from becoming time-barred, the injured worker may request and enforce payment of medical benefits within the one year period. *Barr v. Conoco Chems., Inc*., 412 So. 2d 1193, 1196 (Miss. 1982). Doyle claims that her attorneys' petition for an entry of appearance was such a request and enforcement of payment which sufficiently placed ABC on notice that the claim was still disputed and had not been finally resolved to the satisfaction of Doyle.

¶15. The matter at hand is similar in some respects to a recent case considered by this Court. In *Harper v. North Miss. Med. Ctr.,* 601 So. 2d 395 (Miss. 1992), an unrepresented employee sent a letter to the Commission in which she stated that she was still having back problems and that she needed help in resolving the problem. She continued to receive medical attention, and her physician ultimately filed a preliminary medical report (a form B-9). Her employer attempted to deny her claim for medical benefits by claiming that more than a year had passed since the filing of its Form B-31. This Court held that a formal petition to controvert was not required. Harper's letter sufficiently articulated the nature of her claim and clearly expressed her intent to pursue remedies through the workers' compensation system. Harper's claim was not barred because "[t]he filing of the Preliminary Medical Report together with Harper's . . . letter are a sufficient request and enforcement of payment so as to serve as a substitute for a formal petition to reopen." *Id.* at 398.

¶16. We note that "[i]nformal proceedings are encouraged in workmen's compensation cases and are so designed that the commission can best ascertain the rights of the parties and prevent unnecessary delays, costly appeals, rehearings, etc." *Day Detectives, Inc. v. Savell*, 291 So. 2d 716, 721 (Miss. 1974). Additionally, workers' compensation procedure

takes its tone from the beneficent and remedial character of the legislation. Procedure is generally summary and informal. The initial handling of claims, and perhaps the first reviews, are administrative in all but a few states. The whole idea is to get away from cumbersome procedures and technicalities of pleading, and to reach a right decision by the shortest and quickest possible route.

7 *Larson's Workmen's Compensation Law*, § 77A.10 at 15-1 to 15-3 (1999) (footnotes omitted). Finally, Miss. Code Ann. § 71-3-55(1) provides that the Commission shall not be bound by "technical or formal rules or procedure, except as provided by this chapter."

¶17. Due to the beneficent purposes of the Mississippi Workers' Compensation Act, we construe the statutes liberally in favor of injured workers. *Metal Trims Indus., Inc. v. Stovall*, 562 So. 2d 1293, 1297 (Miss. 1990); *Big "2" Engine Rebuilders v. Freeman,* 379 So. 2d 888, 889 (Miss. 1980). We therefore find that the entry of appearance with its attached material was a sufficient request for payment. The attachment to Doyle's filing contained allegations that Doyle had suffered a workplace injury and that she continues to allege that she is due medical benefits and disability payments from her former employer. Even though the *Barr* case seems to state that a workers' compensation claimant must "request" *and* "enforce" payment to toll the statute of limitations, we find, again in light of the Act's beneficent purposes, that an informal "request" for payment *or* a formal "enforcement" of payment, i.e., a filing of a Notice of Controversy, is sufficient to toll the statute of limitations.

## CONCLUSION

¶18. We make no comment on the compensability of Doyle's injury other than that it is not time-barred. The petition for entry of appearance, filed by Doyle's attorneys within the one-year period after ABC filed its Form B-31, was sufficient to toll the statute of limitations. For that reason the judgment of the Mississippi Court of Appeals is reversed, and this case is remanded to the Mississippi Workers' Compensation Commission for further proceedings consistent with this opinion.

¶19. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, SMITH, MILLS AND COBB, JJ., CONCUR. SULLIVAN, P.J., NOT PARTICIPATING.**