893 So.2d 1083 (2005)
Patsy ALLSTADT, Appellant,
v.
BAPTIST MEMORIAL HOSPITAL d/b/a Tippah County Hospital, Appellee.
No. 2002-CA-01648-COA.
Court of Appeals of Mississippi.
February 22, 2005.
*1084 Tommy Dexter Cadle, Kenneth Eugene Floyd, Booneville, Attorneys for Appellant.
Robert S. Mink, Oxford, Attorney for Appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
BRIDGES, P.J., for the Court.
¶ 1. The appellant's motion for rehearing is granted. The original opinion is withdrawn and this opinion is substituted therefor.
¶ 2. Patsy Allstadt tripped and fell on a sidewalk while approaching Tippah County Hospital in Ripley, Mississippi. Allstadt filed suit for damages against Baptist Memorial Hospital doing business as Tippah County Hospital. The trial court granted the hospital's motion for summary judgment because the hospital was a community hospital and Allstadt's claim was therefore time barred under the Mississippi Tort Claims Act. Aggrieved, Allstadt asserts the following issues on appeal:
I. THE CIRCUIT COURT JUDGE ERRED IN FINDING THAT THE TIPPAH COUNTY HOSPITAL MAINTAINED ITS STATUS AS A COMMUNITY HOSPITAL NOTWITHSTANDING THE BOARD OF TRUSTEES GRANTING THE AUTHORITY AND RESPONSIBILITY OF OPERATING THE HOSPITAL TO A PRIVATE ENTITY.
II. THE CIRCUIT COURT APPLIED THE WRONG STATUTE OF LIMITATIONS TO THE EXTENT THE COURT'S RULING INCLUDED BAPTIST MEMORIAL HOSPITAL.
Finding no error, we affirm.

FACTS
¶ 3. On July 14, 1998, Patsy Allstadt tripped and fell on a deteriorated portion of sidewalk while approaching the front entrance of the Tippah County Hospital in Ripley, Mississippi. According to Allstadt, the portion of sidewalk was commonly used for ingress and egress and she received serious bodily injuries that resulted in her having surgery shortly after the fall.
¶ 4. Two and one-half years later, on February 21, 2001, Allstadt filed a complaint against Baptist Memorial Hospital doing business as Tippah County Hospital. Allstadt served Tippah County Hospital at its physical address in Ripley. Allstadt did not attempt to serve any other entity. Tippah County Hospital is owned by Tippah County and is overseen by a Board of Trustees appointed by the Board of Supervisors of Tippah County. The real estate and all improvements and equipment comprising the hospital property are owned by Tippah County. All employees are employed by Tippah County.
¶ 5. In 1995, the Board of Trustees entered into an agreement with Baptist Memorial Regional Health Care Corporation (BMRHCC) to provide management and consultation in the operation of the hospital. The agreement stated in part that BMRHCC would have the authority and responsibility to conduct, supervise, and manage the day-to-day operations of the hospital. In 1999, this agreement was modified to state that BMRHCC would provide consulting services as requested *1085 by the Board of Trustees regarding the day-to-day operations of the hospital.
¶ 6. Counsel for Tippah County Hospital filed an answer and affirmative defenses to Allstadt's complaint on April 11, 2001. The hospital answered the complaint in its own name and stated that Baptist Memorial Hospital did not do business as Tippah County Hospital and that Baptist Memorial Regional Health Care Corporation is the name of an unrelated entity located on Union Avenue in Memphis, Tennessee. Allstadt did not move to amend her complaint or correct the designation of the defendant.
¶ 7. On June 20, 2001, Tippah County Hospital moved for summary judgment on the grounds that it is a state entity covered by the Mississippi Tort Claims Act, including the one-year statute of limitations on all claims. Since Allstadt's claim was filed two and one-half years after the incident, Tippah County Hospital argued that the claim was time barred. Allstadt filed no response to the hospital's motion for over a year. A motion hearing was set for May 9, 2002, and continued at Allstadt's request. The motion hearing was held on July 31, 2002, with counsel present but without a filed written response from Allstadt. The circuit court heard argument on the motion but deferred ruling until Allstadt filed a written response, apparently setting a deadline of August 12, 2002.
¶ 8. After August 12, with no written response yet filed by Allstadt, the hospital sent the court a proposed order granting summary judgment, and the order was signed on August 16. Allstadt then filed a written response to the motion for summary judgment on August 26, arguing that because the Tippah County Hospital Board of Trustees had contracted with a private entity to provide services at the hospital, the hospital was not a community hospital as defined in the Mississippi Tort Claims Act, and accordingly, any claim asserted against it was not time barred by the one-year statute of limitations.
¶ 9. The circuit court considered Allstadt's response and issued another order setting aside the previous ruling, but again finding in favor of the hospital. In granting the hospital's motion for summary judgment, the circuit court held that Tippah County Hospital had maintained its status as a community hospital and based upon this, Allstadt's claim was time barred by the one year statute of limitations of the Mississippi Tort Claims Act.

ANALYSIS

I. DID THE CIRCUIT JUDGE ERR IN FINDING THAT THE TIPPAH COUNTY HOSPITAL MAINTAINED ITS STATUS AS A COMMUNITY HOSPITAL NOTWITHSTANDING THE BOARD OF TRUSTEES GRANTING THE AUTHORITY AND RESPONSIBILITY OF OPERATING THE HOSPITAL TO A PRIVATE ENTITY?
¶ 10. Allstadt asserts that the circuit judge erred in finding that the Tippah County Hospital maintained its status as a community hospital since the Tippah County Board of Trustees granted the authority and responsibility of operating the hospital to a private entity. The circuit court found that the Tippah County Hospital was a community hospital, basing its ruling on findings that Tippah County had exclusive responsibility for funding the hospital's operations and insuring the hospital's property, retained significant control over the operations of the hospital and management decisions in part by virtue of the fact that the chief administrator of the hospital was an employee of Tippah County Hospital and not of Baptist Memorial *1086 Hospital, and that Tippah County continued to own the property.
¶ 11. This Court applies the de novo standard of review when deciding issues of law. ABC Mfg. Corp. v. Doyle, 749 So.2d 43, 45(¶ 10) (Miss.1999). The "application of a statute of limitations is a question of law." Sarris v. Smith, 782 So.2d 721, 723(¶ 6) (Miss.2001). This Court will view the evidence in the light most favorable to the non-moving party. Russell v. Orr, 700 So.2d 619, 622(¶ 8) (Miss.1997).
¶ 12. According to Mississippi Code Annotated Section 41-13-10(c) (Rev.2001), a "community hospital" is any hospital established and acquired by a board of trustees or by one or more owners which is governed, operated and maintained by a board of trustees. The Tort Claims Act requires that all claims against political subdivisions be brought within one year. Miss.Code Ann. Section 11-46-11(3) (Rev.2002). Allstadt did not file a complaint within one year but did file a complaint within three years as required by Mississippi's residual statute of limitations. Miss.Code Ann. Section 15-1-49 (Rev.2003).
¶ 13. Tippah County Hospital was created by a resolution of the Tippah County Board of Trustees in 1946. Tippah County owns the real property and all improvements located at the hospital's physical location. The hospital is governed by a Board of Trustees who are appointed by the Tippah County Board of Supervisors. The Board of Trustees then hires the hospital administrators who report to the Board. The central question in the case at bar is whether Tippah County voluntarily gave up its status as a community hospital by entering into an affiliation agreement with a private entity. Allstadt points to language in the contract which granted the private entity "authority and responsibility to conduct, supervise, and manage the day-to-day operations of the hospital," and points out that the contract language was changed after her accident to include only consulting in the day-to-day hospital operations.
¶ 14. Tippah County Hospital asserts that the hospital maintained its status as a state entity and did not give up its status by simply contracting with a private entity. In Mitchell v. City of Greenville, 846 So.2d 1028 (Miss.2003), the driver and passenger of a vehicle were injured when they collided with a pile of dirt left in a roadway by a private company performing construction work under contract with the City of Greenville. Mitchell, 846 So.2d at 1028(¶ 2). The driver and passenger sued the city as well as the construction company in separate lawsuits. Id. The court held the city was immune from liability under the Tort Claims Act and granted summary judgment, and the Mississippi Supreme Court affirmed the trial court's decision. Id. at 1031(¶ 15).
¶ 15. Despite the language in the contract, Tippah County retained ultimate control over the operation of the hospital and management decisions through its board of trustees and continued to own the property. Tippah County was the sole source of capital needed to operate the hospital, and such capital was supplied from accounts in the name of the board of trustees of the hospital. Tippah County maintained insurance coverage regarding all aspects of the hospital's operation. The county was also responsible for all employees' salaries, including the hospital administrator, who was specifically listed as an employee of Tippah County Hospital. A specific clause in the contract separates Tippah County from the other contracting party regarding matters of litigation, stating that the other party "shall neither institute nor defend any litigation in the *1087 name of the hospital or on behalf of the board of trustees without prior approval of the board of trustees."
¶ 16. We agree with the trial court that Tippah County did not abandon its role as the owner and operator of the Tippah County Hospital. A state entity does not lose its status under the Tort Claims Act by merely contracting with a private entity. Even if the language in the contract had been convincing enough to create a private entity and the hospital was deemed private, Allstadt's claim remains one of premises liability. The agreement did not alter the fact that Tippah County remained the owner of the physical property that comprised the hospital, and this includes the sidewalk outside the hospital where Allstadt tripped and fell. The trial court did not err in granting summary judgment in favor of Tippah County due to Allstadt's claim being filed outside the statute of limitations. This issue is without merit.

II. DID THE CIRCUIT COURT APPLY THE WRONG STATUTE OF LIMITATIONS TO THE EXTENT THE COURT'S RULING INCLUDED BAPTIST MEMORIAL HOSPITAL?
¶ 17. Allstadt argues that the error in the status of the hospital led the circuit judge to apply the wrong statute of limitations to the extent the court's ruling included Baptist Memorial Hospital. Allstadt argues that Baptist is not protected under the one-year statute of limitations and that Baptist voluntarily appeared and the trial court acknowledged Baptist as a private entity. The circuit court in its order refers to "an affiliation agreement with a private entity," but states that Tippah County retained significant control over the operation of the hospital and management decisions and did not abandon its status as a community hospital.
¶ 18. The circuit court's order only pertains to Tippah County Hospital. Although Allstadt styled her case Baptist Memorial Hospital d/b/a Tippah County Hospital, Baptist's only response was through counsel for Tippah County who stated that Baptist Memorial Regional Health Care Corporation is a health care facility located on Union Avenue in Memphis, Tennessee and in no way does business as Tippah County Hospital. It is clear from the court's ruling that it only applied to Tippah County Hospital and no other entity. This issue is without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF TIPPAH COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES AND ISHEE, JJ., NOT PARTICIPATING.