912 So.2d 1070 (2005)
TUPELO PUBLIC SCHOOL DISTRICT and Mississippi School Boards Association Worker's Compensation Trust, Appellants
v.
Karen King PARKER, Appellee.
No. 2004-WC-00668-COA.
Court of Appeals of Mississippi.
June 7, 2005.
Rehearing Denied August 23, 2005.
Certiorari Denied October 20, 2005.
William G. Armistead, Sr., Tupelo, attorney for appellants.
*1071 Roy O. Parker, Jr., Tupelo, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Karen King Parker appealed the decision of the Workers' Compensation Commission denying her workers' compensation claim. The Lee County Circuit Court reversed and remanded. Upon review, we find that the circuit court erred. We reverse and render the circuit court decision and reinstate the decision of the Workers' Compensation Commission.

FACTS
¶ 2. Karen King Parker was employed by the Tupelo Public School District as a kindergarten teacher during the 1998-1999 school year. On September 21, 1998, Parker collapsed at school while teaching. She was taken from the school to the hospital by her husband, who is also the attorney representing her in this cause. She was hospitalized overnight and missed four days of work. She did not lose any wages because she took sick leave and received full pay for the time off. She was covered by workers' compensation insurance at the time of the incident.
¶ 3. The employer filed a B-3 First Report of Injury with the Workers' Compensation Commission on or about June 13, 2000. The employer and carrier filed a Form B-52 Notice of Controversion on June 30, 2000, which stated they were investigating the claim. On February 21, 2001, the employer and carrier filed another Form B-52 Notice of Controversion denying Parker's claim. Subsequently, Parker filed a Form B-5,11 Petition to Controvert on February 28, 2001, approximately two years and five months after the date of her alleged injury.
¶ 4. The parties stipulated that they have had no settlement discussions regarding this claim and that neither the employer nor carrier has made any representations to Parker that her claim would be accepted as compensable. Furthermore, the employer and carrier have not paid any indemnity benefits or medical benefits in this case.
¶ 5. The administrative law judge dismissed Parker's claim for workers' compensation benefits on the basis that it was time barred by the two year statute of limitations pursuant to Mississippi Code Annotated Section 71-3-35(1) (Rev.2000). The Workers' Compensation Commission affirmed. However, the Circuit Court of Lee County reversed the decision of the Commission. It is from this judgment that the employer and carrier appeal. On appeal the sole issue is whether Parker's claim for workers' compensation benefits is barred by the statute of limitations.

STANDARD OF REVIEW
¶ 6. This Court uses a de novo standard of review when passing on questions of law including statute of limitations issues. Ellis v. Anderson Tully Co., 727 So.2d 716, 718(¶ 14) (Miss.1998).

ANALYSIS
¶ 7. The Tupelo Public School District and the Mississippi School Boards Association Worker's Compensation Trust argue that Parker's claim is barred by the two year statute of limitations pursuant to Mississippi Code Annotated Section 71-3-35(1) (Rev.2000). The relevant part of this statute provides, "[r]egardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefore *1072 shall be barred." It is undisputed that appellants have not paid any indemnity benefits in this case and thus no compensation has been paid. Therefore, the issue becomes whether an "application for benefits" has been filed.
¶ 8. Parker contends that the Form B-52 Notice of Controversion filed by appellants with the Workers' Compensation Commission was enough to toll the two year statute of limitations under Mississippi Code Annotated Section 71-3-35(1) (Rev.2000). However, a Form B-52 is one filed by the employer or carrier. It is not an "application for benefits" as specified by the two year statute of limitations. As correctly noted by the administrative law judge, an "application for benefits" as referenced in Mississippi Code Annotated Section 71-3-35(1) (Rev.2000) means a petition to controvert, or some variation of a petition or motion, filed with the Workers' Compensation Commission by the claimant, not the employer or carrier. Procedural Rule 2 of the Mississippi Workers' Compensation Commission states that "[a] cause will be controverted by the employee's filing with the Mississippi Workers' Compensation Commission a properly executed workers' compensation form B-5, 11." (emphasis added). Therefore, the Form B-52 Notice of Controversion filed by the appellants does not constitute an "application for benefits" and thus does not toll the statute of limitations under Mississippi Code Annotated Section 71-3-35(1) (Rev.2000).
¶ 9. Parker relies on McCrary v. City of Biloxi, 757 So.2d 978 (Miss.2000), to argue that the notice of controversion filed by the employer or carrier tolls the statute of limitations. In McCrary, the claimant filed a petition to controvert approximately two years and seven months after the date of his alleged injury. Id. at 989(¶ 7). However, the employer did not file a notice of controversion. Id. at 981-82(¶ 17). Instead, the employer told the claimant that it would file his claim for him and engaged in settlement negotiations with the claimant for a substantial period of time. Id. at 982(¶ 18). The claimant relied on the employer's representations to his detriment. Id. Because of the employer's misrepresentations and the claimant's reliance thereon, the court found that the employer was estopped from asserting the statute of limitations bar. Id. The court referred to the non-filing of the notice of controversion as a "factor" in its decision since the employer's failure to file the notice of controversion was evidence that the employer did not give the claimant notice that it was denying his claim. Id. Here, neither the employer nor the carrier made any misrepresentations to Parker that it would file a claim on her behalf nor was there any evidence that Parker was induced by the employer or carrier not to file an application for benefits. Thus, the McCrary decision does not apply.
¶ 10. Parker also relies on ABC Mfg. Corp. v. Doyle, 749 So.2d 43 (Miss.1999). However, reliance on Doyle is misplaced. In Doyle, the claimant received compensation for her work-related injury, but the compensation was terminated upon her return to work. Id. at 44(¶ 3). The employer filed a Form B-31 Final Report to notify the claimant that final payment of compensation had been made and to warn the claimant that she had one year to pursue any action for additional loss or medical expenses. Id. at 45(¶ 5). The issue became whether there was a request for payment made by the claimant within one year after the date of the last payment of compensation, which is applicable to the one year statute of limitations under Mississippi Code Annotated Section 71-3-53 (Rev.2000). Id. at 46 (¶¶ 11, 13-14). Here, unlike Doyle, no compensation has *1073 been paid and therefore the issue is whether an application for benefits was timely filed pursuant to the two year statute of limitations under Mississippi Code Annotated Section 71-3-35(1) (Rev.2000). In City of Kosciusko v. Graham, 419 So.2d 1005, 1008 (Miss.1982), the court stated, "the [two year] statute of limitations has no application to the case at bar because compensation benefits were paid unto the claimant." Likewise, the one year statute of limitations in Doyle has no application here since no compensation was paid to Parker. Thus, Doyle is inapplicable.
¶ 11. The dissent argues that "a cause of action is controverted, and thus an application for benefits is filed, when an employee files forms B-5 and B-11, or when an employer files a B-52 notice of controversion." Procedural Rule 2 of the Mississippi Worker's Compensation Commission states that "[a] cause will be controverted by the employee's filing with the Mississippi Workers' Compensation Commission a properly executed Workers' Compensation Form B-5,11." (emphasis added). The rule goes on to state, "[i]n the event an employer or its insurer desires to file a notice of controversion pursuant to Mississippi Code Annotated section 71-3-37(4) (1972, as amended), the employer or carrier shall file Commission Form B-52, notice of controversion.. . ." The rule specifically states that a cause will be controverted by the employee filing, not the employer. The rule allows the employer to file a notice of controversion but does not state that this acts as a petition to controvert under Form B-5,11. Additionally, Mississippi Code Annotated Section 71-3-37(4) (Rev.2000) states that the filing of the notice of controversion does not preclude the employer from raising any additional defenses.
¶ 12. This case is similar to Modern Laundry v. Harrell, 246 Miss. 463, 150 So.2d 409 (1963). In Laundry, the claimant was injured on January 15, 1955. Id. at 466, 150 So.2d 409. The claimant filed a report of the injury with his employer and insurance company but nothing further was done and no claim for compensation was made. Id. at 466-67, 150 So.2d 409. The claimant did not file a Form B-5,11 Petition to Controvert with the Workers' Compensation Commission until June 1957, two years and five months after his injury occurred. Id. at 467, 150 So.2d 409. The supreme court found that the claim for compensation was barred by the two year statute of limitations since the claimant "made no claim for compensation until Forms B-5 and B-11 were filed with the Commission on June 25, 1957, more than two years later." Id. at 467-68, 150 So.2d 409. Like the claimant in Modern Laundry, Parker did not file Forms B-5 and B-11 until two years after her injury occurred. Thus, her claim for compensation is time barred.
¶ 13. The circuit court based its decision, in part, on the finding that the appellants were notified of the underlying incident and that the Form B-52 was an acknowledgment of the pending claim which thus tolled the running of the two year statute of limitations. However, Mississippi Code Annotated Section 71-3-35(1) (Rev.2000) provides no exception for notice or acknowledgment. Instead, it expressly provides that, "[r]egardless of whether notice was received," the two year statute of limitations can be tolled only if compensation is paid or an application for benefits is filed. Because neither occurred in this case, Parker's claim for workers' compensation benefits should be denied.
¶ 14. Upon review, we find that the Circuit Court of Lee County erred and thus reverse and render. The decision of *1074 the Workers' Compensation Commission denying Parker's claim for workers' compensation benefits is reinstated.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS HEREBY REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., IRVING, MYERS, AND ISHEE, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOIN BY BRIDGES AND LEE, P.JJ. BARNES, J., NOT PARTICIPATING.
CHANDLER, J., Dissenting.
¶ 16. The sole question in this case is whether there was an application for benefits within the two year statute of limitations under Mississippi Code Section 71-3-35(1) (Rev.2000). Parker argues that her employer's B-52 notice of controversion on June 30, 2000, a period within the two year statute, constitutes an application for benefits. The majority holds that there was never an application for benefits. I respectfully dissent.
¶ 17. The Mississippi Supreme Court has recognized the principle that a petition to controvert can constitute an application for benefits. ABC Mfg. Corp. v. Doyle, 749 So.2d 43, 47(¶ 17) (Miss.1999). Indeed, the majority recognizes this principle. I disagree with the majority's conclusion that this petition must be filed by the employee in order to constitute an application for benefits. Notice of controversion is governed by Procedural Rule 2 of the Mississippi Worker's Compensation Commission. It states:
A cause will be controverted by the employee's filing with the Mississippi Workers' Compensation Commission a properly executed Workers' Compensation Form B-5, 11 (original and two copies). In the event an employer or its insurer desires to file a notice of controversion pursuant to Mississippi Code Annotated section 71-3-37(4) (1972, as amended), the employer or carrier shall file Commission Form B-52, notice of controversion, and simultaneously mail or personally deliver a copy of the notice of controversion to the employee at the most current address of that employee which can be determined by diligent inquiry or, if the claimant is represented, to his or her attorney. One copy of the employer's first report of injury or occupational disease form must also be filed or have been previously filed at the Commission at the time of the filing of Form B-52 by the employer or its insurer.
¶ 18. To summarize, a cause of action is controverted, and thus an application for benefits is filed, when an employee files forms B-5 and B-11, or when an employer files a B-52 notice of controversion. Nothing in Mississippi Code Section 71-3-35(1) stipulates that the application for benefits must be initiated by the claimant. I believe that a B-52 notice of controversion satisfies the definition of an application of benefits, regardless of which party files the notice. "The singular purpose pervading the Worker's Compensation Act is to promote the welfare of laborers within the State." Big "2" Engine Rebuilders v. Freeman, 379 So.2d 888, 889 (Miss.1980) (citing Miss.Code Ann. § 71-3-1 (1972)). "Where the matter may be an even question, this Court has found and will likely continue to find in favor of the injured worker." Metal Trims Industries, Inc. v. Stovall, 562 So.2d 1293, 1297 (1992).
¶ 19. The employer's notice of controversion filed on June 30, 2000, did not deny benefits but merely stated that Parker's claim was under investigation. Because *1075 Parker's claims were under investigation, Parker had no reason to believe she was required to file an application for benefits or a notice of controversion. Under the majority's holding, an employer would have the incentive to investigate a worker's claim for an extended period of time, and, after the two year statute of limitations had expired, claim that the employee's claim was untimely filed. Such a practice would entirely undermine our state's worker's compensation laws.
¶ 20. When an agency has misapprehended controlling legal principles, we will reverse, for our standard of review is de novo. Smith v. Jackson Construction Co., 607 So.2d 1119, 1125 (Miss.1992). This Court is not required to defer to the Worker's Compensation's findings regarding an interpretation of the statute of limitations.
¶ 21. I conclude that the B-52 notice of controversion filed by Parker's employer constituted an application for benefits. I would affirm the judgment of the circuit court.
BRIDGES AND LEE, P.JJ., JOIN THIS SEPARATE WRITTEN OPINION.