949 So.2d 770 (2006)
Lauretta WARREN, Appellant
v.
HORACE MANN LIFE INSURANCE COMPANY and Leo Hawkins, Jr., Appellees.
No. 2004-CA-02291-COA.
Court of Appeals of Mississippi.
May 30, 2006.
Rehearing Denied October 17, 2006.
*771 Precious Martin, Jackson, Dawn L. Stough, for Appellant.
Arthur F. Jernigan, Samuel L. Anderson, Staci B. O'Neal, Jackson, for Appellees.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Lauretta Warren sued Horace Mann Life Insurance Company and Leo Hawkins, Jr., for fraud in connection with the sale of two life insurance policies. The circuit court judge granted summary judgment to Horace Mann and Hawkins. On appeal, Warren argues that there are genuine issue of material facts as to whether her claims are barred. We find no error and affirm.

FACTS
¶ 2. In March of 1993, Hawkins approached Warren to sell her life insurance. Warren bought a ten year term life policy, written by Horace Mann, on her sons Tommy and Christopher. The policy went into effect May 1. It included a clause to automatically convert to a permanent policy at the end of the ten years.
¶ 3. Warren claims that she was told that she was buying two life insurance policies, one on each son, with herself as beneficiary on both. She also claims that she was told that both policies were contained in the one contract. However, this was a joint life policy. The policy expired on the death of the first insured. Warren did not receive a copy of the policy until about two weeks after she filled out the application. She did not receive any illustrations, brochures or other materials with this policy.
¶ 4. In January or February 2003, Warren's attorney asked her to contact him if she had a Horace Mann policy. She took out the policy and read it for the first time. Upon doing so, she was afraid that the *772 policy was not what she was originally led to believe.
¶ 5. In May of 2003, Horace Mann advised Warren that her policy expired. She called Horace Mann and was told that she had the option of purchasing a whole life policy with the same terms as before. Warren understood that she had the option to refuse. However, she requested the new policy, because she had already invested ten years' worth of premiums into the 1993 policy, and she wanted her sons to be insured. As a result, on June 3, 2003, Warren purchased a whole life policy from Horace Mann on Tommy and Christopher.

STANDARD OF REVIEW
¶ 6. This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before itadmissions in pleadings, answers to interrogatories, depositions, affidavits, etc. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶ 9) (Miss.2002) (citations omitted). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. at 1177(¶ 9). If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his or her favor. Id. Issues of fact sufficient to require reversal of a summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. Id.

ANALYSIS
I. Is Warren's claim on her 1993 policy barred by the statute of limitations?
¶ 7. Warren contends it was error for the circuit judge to hold that her fraud claim was time-barred. Warren maintains there was a genuine issue of material fact as to whether the 1993 policy was ambiguous. If the policy were ambiguous, then a reading of it would not have lead to discovery of her cause of action. Horace Mann and Hawkins assert that the policy was unambiguous.
¶ 8. A cause of action for fraud is subject to the three-year statute of limitations set out in Mississippi Code Annotated Section 15-1-49 (Rev.2003). Stephens v. Equitable Life Assurance Soc'y of the U.S., 850 So.2d 78, 82(¶ 12) (Miss.2003). This three year period begins to run once the cause of action accrues. Miss.Code Ann. § 15-1-49 (Rev.2003). A claim for fraudulent inducement accrues upon the completion of the sale induced by the fraud. Stephens, 850 So.2d at 82(¶ 13).
¶ 9. Warren agreed to purchase the first policy on March 24, 1993. It was not delivered to her until two weeks later. The policy did not go into effect until May 1. Thus, the sale was complete on May 1, 1993. Warren had until May 1, 1996 to file her fraud claim. Warren filed the lawsuit in December of 2003. Unless Warren can establish that the limitations period was tolled, the circuit judge was correct to find her claim time-barred.
¶ 10. Warren insists that the limitations period was tolled by Horace Mann's fraudulent concealment of the initial act of fraud. If the defendant fraudulently conceals a cause of action, then the cause of action is deemed to accrue at "the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered." Miss.Code. Ann. § 15-1-67 (Rev.2003). To prove fraudulent concealment, plaintiff must show (1) defendant engaged in an affirmative act or conduct designed to prevent, and which does prevent, discovery of a claim, and (2) due diligence was performed on the plaintiff's *773 part to discover defendant's fraud. Stephens, 850 So.2d at 83-84(¶ 18).
¶ 11. Warren alleges there are genuine issues of material facts as to whether Horace Mann and Hawkins used ambiguous policy language, which concealed the original fraud, and as to when she, through reasonable diligence, should have discovered the fraudulent concealment.
¶ 12. During her deposition, Warren testified about the discovery of her cause of action. She testified that her attorney sent her a letter inquiring whether she had a policy with Horace Mann. Before consulting with her attorney, she read her policy. She believed the policy did not represent what she thought she bought. She immediately called her sister and told her, "I got this policy in 1993, and it just  I felt it was  not felt, but I don't know, but it just wasn't like I thought it should be, the policy." In other words, upon reading the policy, Warren was under the impression that it was not what Hawkins had represented. Based on her own testimony, the language of the policy did not in fact prevent Warren from discovering her claim.
¶ 13. Because Warren failed to present a genuine issue of material fact as to whether the appellees fraudulently concealed her cause of action, the lower court was correct to find that the statute of limitations had run. We affirm.
II. Is Warren's claim on her 1993 policy moot?
¶ 14. Because Warren's claim on the 1993 policy is time-barred, we will not consider the lower court's alternative holding that the claim was moot.
III. Is Warren's claim on her 2003 policy barred, or does it otherwise fail on its merits?
¶ 15. Warren contends it was error for the circuit judge to deem her claim based on the 2003 policy barred by the doctrine of ratification. She argues a plaintiff may ratify a contract and yet maintain an action for fraudulent inducement. Horace Mann and Hawkins argue that ratification waives the fraud claim. In the alternative, they claim that her fraud claim based on the 2003 policy fails on the merits. We agree.
¶ 16. The circuit court determined that Warren knew of the true nature of the 2003 policy before she purchased it. Thus, this was a ratification.
¶ 17. We find that the testimony does not reveal a ratification of the 2003 policy, if her knowledge of the terms came before entering the contract. Rather, this evidence indicates that there was no fraud in the first place. To maintain an action of fraud, plaintiff must prove defendant made a false, material representation, that the speaker either knew was false or was ignorant as to its truth, on which the speaker intended to induce the hearer's reliance. Beck Enters., Inc. v. Hester, 512 So.2d 672, 675 (Miss.1987). Plaintiff must further show that the hearer reasonably relied on the statement to her detriment. Id.
¶ 18. In her deposition, Warren testified about her decision to purchase the 2003 policy. In January or February of 2003, she discovered the 1993 policy was not the two separate policies that she was originally lead to believe. On May 1, 2003, Horace Mann sent her a letter stating the 1993 policy had expired. Warren called Horace Mann's offices and was informed that she had the option of purchasing a whole life policy on the same terms as her 1993 policy. She elected to do so, because she did not want to lose the life insurance on her sons. On June 3, Hawkins arrived at her home to deliver the 2003 policy. *774 Hawkins told Warren that the 2003 policy provided for $41,062 in life insurance coverage for each son. She maintains he did not explain to her that the 2003 policy was also a joint life policy.
¶ 19. This testimony is undisputed in the record. Reading these facts in the light most favorable to Warren, it appears that her fraud claim fails on the merits. Hawkins made a false, material misrepresentation to Warren that her 2003 policy was two separate policies. He intended for her to rely on this statement, and indeed had an interest that she would. However, Warren cannot be said to have relied on this statement. She knew the 1993 policy was not what she wanted. She nevertheless requested to apply these same terms to the 2003 policy. All of this happened before Hawkins made the fraudulent statements. She had already made up her mind to buy the policy, and she did not in fact rely on Hawkins's subsequent misrepresentations.
¶ 20. We affirm the summary judgment.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF SHARKEY COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.