KING, C.J.,
 

 for the Court.
 

 ¶ 1. Daniel Ray Weathers (Weathers) filed suit against Metropolitan Life Insurance Company (MetLife) in the Circuit Court of Lowndes County, alleging fraud, breach of contract, and negligent supervision. The circuit court granted MetLife’s motion for summary judgment. Aggrieved, Weathers appeals, raising the following issue:
 

 Whether the trial court erred by granting MetLife’s motion for summary judgment, finding no genuine issue of material fact, where Weathers presented evidence that:
 

 (1) MetLife breached its contract with Weathers;
 

 (2) MetLife defrauded Weathers and fraudulently concealed the alleged fraud;
 

 (3) MetLife prevented Weathers from discovering his claim, thereby tolling the statute of limitations; and
 

 (4) MetLife negligently trained and supervised its agent, Jim McKie.
 

 ¶ 2. Finding Weathers’s claim time-barred, we affirm the circuit court’s grant of summary judgment in favor of MetLife.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. Weathers purchased a life insurance policy from McKie, then a MetLife insurance agent. McKie gave Weathers a presentation on how to obtain a $500,000 life insurance policy that would accrue cash value over time. McKie explained that Weathers could leave the dividends in the policy, take the cash out, or use the dividends to pay future premiums on the policy. The “Stop and Go” illustration demonstrated how Weathers would make premium payments for only ten years; after which, the policy would become self-sustaining. Weathers applied for the insurance policy, and MetLife delivered a policy to him on February 1, 1994, for $376,550.
 

 ¶ 4. After receiving the policy, Weathers gave it a cursory read and had a few concerns with its provisions. One, the policy was entitled “Life Paid Up at 98”; and two, the policy stated that Weathers had to make premium payments for fifty-six years. Weathers then contacted McKie and inquired as to what those terms meant and if his payments would still cease after ten years. McKie explained to Weathers that he could pay the policy until he turned ninety-eight years old, and the policy would simply build more value; or Weathers could stop paying the premiums out of pocket after ten years, as demonstrated by the illustration, and use the annual dividends to pay the premiums thereafter.
 

 ¶ 5. In 1999, Weathers received a notice of a class-action lawsuit against MetLife regarding the “vanishing premiums” life insurance policies. Again, Weathers called McKie for clarification. McKie advised Weathers that the policy might not perform as promised and that he should contact MetLife. Weathers alleged that he contacted MetLife on multiple occasions; however, MetLife failed to provide him a
 
 *734
 
 clear explanation regarding the problems with his insurance policy. Upon the advice of his attorney, Weathers opted out of the class-action lawsuit on October 19, 1999, and filed a lawsuit against MetLife in 2001 in the Circuit Court of Lowndes County, asserting claims of fraud, breach of contract, and negligent supervision.
 

 ¶ 6. MetLife filed a motion for summary judgment on February 13, 2007, and oral argument on the motion was heard on May 25, 2007. The trial court found that there was no genuine issue of material fact and granted summary judgment in favor of MetLife on June 15, 2007. The trial court reasoned the following: (1) Weathers failed to prove fraudulent concealment, which would have tolled the three-year statute of limitations; and (2) Weathers was under an obligation to read the contract prior to signing it, and he will not be heard to complain of an oral misrepresentation that would have been corrected by reading the contract.
 

 ¶ 7. Aggrieved, Weathers timely filed this appeal.
 

 STANDARD OF REVIEW
 

 ¶ 8. An appeal from the grant of a motion for summary judgment is reviewed de novo.
 
 Allen v. Mac Tools, Inc.,
 
 671 So.2d 636, 640 (Miss.1996) (citing
 
 Pace v. Fin. Sec. Life of Miss.,
 
 608 So.2d 1135, 1138 (Miss.1992)). “When reviewing an award of summary judgment, this Court views all evidence in the light most favorable to the non-movant, including ‘admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.’ and will presume that all evidence in the non-mov-ant’s favor is true.”
 
 Id.
 
 (quoting
 
 Downs v. Choo,
 
 656 So.2d 84, 85 (Miss.1995)). The trial court’s grant of summary judgment will stand if there is no genuine issue as to any material fact.
 
 Id.
 

 ANALYSIS
 

 ¶ 9. As a threshold issue, this Court must first determine whether Weathers’s claim is time-barred. Weathers argues that the statute of limitations was tolled until 1999 when he received the class-action notice because, in 1994, MetLife fraudulently concealed the misrepresentations when McKie reassured Weathers that he did not have to pay premiums out of pocket after ten years. Conversely, MetLife argues that Weathers’s claim is time-barred because the statute of limitations accrued when the sale of the policy was complete on February 1,1994.
 

 ¶ 10. “This Court uses a de novo standard of review when passing on questions of law including statute of limitations issues.”
 
 Stephens v. Equitable Life Assurance Soc’y of the U.S.,
 
 850 So.2d 78, 82(10) (Miss.2003) (quoting
 
 ABC Mfg. Corp. v. Doyle,
 
 749 So.2d 43, 45(10) (Miss.1999)). Mississippi Code Annotated section 15 — 1— 49 (Rev.2003) provides a three-year statute of limitations for claims of fraud.
 
 See also Warren v. Horace Mann Life Ins. Co.,
 
 949 So.2d 770, 772(8) (Miss.Ct.App.2006). The statute of limitations accrues upon the completion of the sale of the insurance policy.
 
 See Stephens,
 
 850 So.2d at 81(9). However, the statute of limitations can be tolled for claims of fraudulent concealment.
 
 Id.
 
 at 83 (17-18). Mississippi Code Annotated section 15-1-67 (Rev.2003) provides:
 

 If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.
 

 A plaintiff must show two things to prove fraudulent concealment: (1) an affirmative
 
 *735
 
 act by the defendant that prevented discovery of the claim, and (2) the plaintiff exercised due diligence to discover the defendant’s concealed fraud.
 
 See Warren,
 
 949 So.2d at 772-73(10) (citing
 
 Stephens,
 
 850 So.2d at 83-84(18)).
 

 ¶ 11. MetLife delivered Weathers’s life insurance policy on February 1, 1994. Therefore, Weathers had three years from February 1, 1994, to file the lawsuit unless he can prove that MetLife fraudulently concealed the cause of action, thereby tolling the statute of limitations. In an attempt to prove fraudulent concealment, Weathers contends that MetLife committed an affirmative act that prevented his discovery of the claim when McKie reassured him that he did not have to pay premiums out of pocket after ten years. Further, Weathers argues that he was unaware that the illustrations and oral representations were false until he received the class-action notice in 1999. At this point, Weathers claims that he exercised due diligence to determine the truth and filed his lawsuit in 2001, within the three-year statute of limitations. We disagree and find that Weathers failed to exercise due diligence.
 

 ¶ 12. In his deposition, Weathers admits that he did not read the entire policy; but undeniably, Weathers read enough of the policy to be alarmed and voice concern over some of its provisions. “[A] person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.”
 
 Anderson v. Equitable Life
 
 Assurance
 
 Soc’y of the U.S.,
 
 248 F.Supp.2d 584, 590 (S.D.Miss.2003) (quoting
 
 Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.,
 
 584 So.2d 1254, 1257 (Miss.1991)). Further, “knowledge of the contents of a contract are imputed to the parties thereto, even where they have not read the contract.”
 
 Id.
 
 (citing
 
 Cherry v. Anthony, Gibbs, Sage,
 
 501 So.2d 416, 419 (Miss.1987)). Weathers had a duty to read the insurance policy, and he is therefore imputed with knowledge of its contents.
 

 ¶ 13. Weathers stated that he realized the following upon a cursory reading of the contract:
 

 Well, it scared me on the front of the policy where it says, “Life paid up at 98.” So, we had — I wanted to make sure that this was going to be paid in ten years. And he reassured me that this was going to be — after I paid this for ten years,....
 

 Once “a person has knowledge of such facts as to excite the attention of a reasonably prudent man and to put him upon guard and thus to incite him to inquiry, he is chargeable with notice, equivalent in law to knowledge, of all those further relevant facts which such inquiry, if pursued with reasonable diligence, would have disclosed.”
 
 First Nat’l Bank of Laurel v. Johnson,
 
 177 Miss. 634, 643, 171 So. 11, 14 (1936). The quoted statement taken from Weathers’s deposition undoubtedly shows that Weathers was put on notice that the policy’s language was contrary to the illustrations and oral representations that he had received from McKie. As such, we find that Weathers failed to exercise due diligence to discover his cause of action.
 

 CONCLUSION
 

 ¶ 14. We find that the trial court did not err in granting MetLife’s motion for summary judgment because Weathers’s claim was time-barred. The statute of limitations began to run on February 1, 1994, after Weathers read his insurance policy and expressed concern over its provisions. At that time, Weathers was on notice that the policy’s language was contrary to the
 
 *736
 
 information he received from McKie. Weathers unreasonably relied upon McKie’s reassurance and failed to exercise due diligence to address his concerns. Therefore, the statute of limitations was not tolled, and Weathers’s claim was time-barred when he filed suit against MetLife in 2001. Since this issue is dispositive, we do not address Weathers’s remaining assignments of error.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.