RANDOLPH, Justice,
specially concurring.
¶20. The Mississippi Workers’ Compensation Commission is a unique agency, as briefly alluded to by the Majority. (Maj. Op.1110) (“The cases brought before the Commission were cases [once] heard in courts under the common law. The Legislature moved the venue of these suits filed by employees against their employers to the Commission.”). Specifically, the Commission “administer[s]” the statutorily created mechanism under which “most suits by injured workers against employers” have been removed from the tort system, with “[ejmployers receiving] fixed levels of potential liability which they can anticipate and treat as a general ‘cost of doing business’ ” in exchange for “[e]mployees receiving] guaranteed compensation for covered injuries, bypassing the civil-litigation risks of either no recovery or uncol-lectible judgments against insolvent employers.” Miss.Code Ann. § 71-3-1 (Rev. 2011); Franklin Corp. v. Tedford, 18 So.3d 215, 220-21 (Miss.2009) (quoting Note, Exceptions to the Exclusive Remedy Requirements of Workers’ Compensation Statutes, 96 Harv. L. Rev. 1641, 1641 (1983)). In its role as a “quasijudicial” tribunal, the Commission “renders judicial decisions[,]” such that this Court would be exercising “appellate jurisdiction ... over direct appeals from the Commission. ...”[26] (Maj. Op.HH 8, 18). Accordingly, I concur with the Majority’s specific and narrow holding that Article 6, Section 146, of the Mississippi Constitution authorizes the Legislature to confer appellate jurisdiction upon this Court by general law, as in Mississippi Code Section 71-3-51. See Miss. Const, art. 6, § 146. I write separately, however, to note that a provision within Section 71-3-51 is problematic under constitutional sections not argued in *248 this appeal. I point out this infirmity simply to bring it to the attention of the Legislature and to urge its alleviation through statutory amendment. See Smith v. Fluor Corp., 514 So.2d 1227, 1232 (Miss.1987) (“The law has been well settled that the constitutionality of a statute will not be considered unless the point is specifically pleaded.”).
¶ 21. Section 71-3-51 provides, in pertinent part, that:
[t]he Supreme Court shall review all questions of law and of fact. If no prejudicial error be found, the matter shall be affirmed and remanded to the commission for enforcement. If prejudicial error be found, the same shall be reversed and the Supreme Court shall enter such judgment or award as the commission should have entered.[27]
Miss.Code Ann. § 71-3-51 (Rev. 2011) (emphasis added). In dictating the method of disposition, which is inherently judicial in nature, the Legislature failed to acknowledge that this Court has routinely remanded cases to the Commission for further proceedings, when warranted. See, e.g., Gregg v. Natchez Trace Elec. Power Ass’n, 64 So.3d 473, 474 (Miss.2011) (reversing and remanding “for a hearing on the issue of lost wage-earning capacity”); J.H. Moon & Sons, Inc. v. Johnson, 753 So.2d 445, 449 (Miss.1999) (remanding for further determinations regarding “rate of compensation”); ABC Mfg. Corp. v. Doyle, 749 So.2d 43, 47 (Miss.1999) (reversing and remanding following holding that statute of limitations was tolled). Directing this Court to reverse and render, in many instances, violates fundamental separation-of-powers principles. See Miss. Const, art. 1, §§ 1-2. First, the term “prejudicial error” begs the question, i.e., can any error exist which is not “prejudi-eial” to some degree? Does this mean that the existence of any error mandates that this Court reverse and render? If so, then the Legislature is improperly interfering with this Court’s role to determine whether an error is harmless. See, e.g., McGee v. River Region Med. Ctr., 59 So.3d 575, 580 (Miss.2011) (quoting Vaughn v. Miss. Baptist Med. Ctr., 20 So.3d 645, 654 (Miss.2009)) (“Unless we.can safely say that the trial court abused its judicial discretion in allowing or disallowing evidence so as to prejudice a party in a civil case ... we will affirm the trial court’s ruling.”) (emphasis added). Second, in the event that “prejudicial error” does exist, Section 71-3-51 inappropriately requires this Court to render “such judgment or award as the commission should have entered.” Miss.Code Ann. § 71-3-51 (Rev. 2011). I fail to see how this Court is equipped to render a proper “judgment or award” in all instances of “prejudicial error.” Id. For example, if the “prejudicial error” involves excluded evidence or witness(es), then the proper disposition would be to reverse and remand for a new hearing. This is no less true if a case is improperly dismissed on statute-of-limitations grounds or if further “lost wage-earning capacity” or “rate of compensation” determinations are necessary. Gregg, 64 So.3d at 474; J.H. Moon, 753 So.2d at 449; Doyle, 749 So.2d at 47. For these reasons, I urge that the constitutional infirmity in this provision should be remedied by the Legislature.
DICKINSON, P. J., LAMAR AND PIERCE, JJ., JOIN THIS OPINION.

. I add that Mississippi is not unique in permitting direct appeals of workers’ compensation matters to the state supreme court. See Idaho Code Ann. § 72-724; Mont.Code Ann. § 39-71-2904; Neb. Rev. St. Ann. § 48-185; N.H.Rev.Stat. Ann. § 281-A:43(I)(c); 85 Okla. St. Ann. § 340(D).

. The prior version of Section 71-3-51 used “circuit court” in place of "Supreme Court," but was otherwise identical to the quoted excerpt. Miss.Code Ann. § 71-3-51 (2010).