MAXWELL, J,
for the Court:
¶ 1. Patricia McKinney appeals the dismissal of her workers’ compensation claim as time-barred under the two-year statute of limitations. She argues that while her claim was filed two years and thirteen days after her alleged injury, her employer’s Form B-52 Notice of Controversion tolled the limitations period, saving her claim. But a Form B-52 Notice of Contr-oversion filed by an employer or carrier does not constitute an application for benefits and does not toll the statute of limitations. Thus, we find her compensation claim is time-barred. And because she failed to establish a valid reason to toll application of the time-bar, we find her tardy claim was properly dismissed. We affirm.
Facts and Procedural History
¶ 2. On February 5, 2008, McKinney, an employee of the University of Mississippi Medical Center (UMMC), allegedly injured herself while pulling charts at work. UMMC filed a Form B-52 Notice of Controversion with the Mississippi Workers’ Compensation Commission (Commission) on February 20, 2008, disputing McKinney’s injury. That same day, UMMC sent a letter to McKinney advising her it had denied her request for benefits.
¶ 3. On February 18, 2010, two years and thirteen days after her alleged injury, McKinney filed a petition to controvert with the Commission. The parties stipulated that neither UMMC nor its carrier had paid McKinney any injury-based compensation benefits. UMMC moved to dismiss McKinney’s claim, arguing it was time-barred under the two-year statute of limitations. ' McKinney responded, insisting the limitations period had been tolled by UMMC filing its notice of controversion. An administrative judge dismissed McKinney’s claim based on the two year statute of limitations, and the Commission affirmed the dismissal. McKinney now appeals pro se.
Discussion
¶ 4. We must decide whether the two-year statute of limitations in Mississippi Code Annotated section 71-3-35(1) (Rev. 2011) bars McKinney’s claim for workers’ compensation benefits. The applicability of a statute of limitations is a question of law, which we review de novo. Nicholson v. Int’l Paper Co., 51 So.3d 995, 998 (¶ 10) (Miss.Ct.App.2010) (citing Jordan v. Pace Head Start, 852 So.2d 28, 30 (¶ 4) (Miss.Ct.App.2002)).

A. Statute of Limitations Under Section 71-3-35(1)

¶ 5. A workers’ compensation claimant must file for benefits within two years of the alleged injury or the claim is time-barred, unless the employer has paid disability compensation to the claimant. Under section 71-3-35(1): “Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the [Cjommission within two years from the date of the injury or death, the right to compensation therefor shall be barred.”
¶ 6. While McKinney admittedly failed to file her petition to controvert within the two-year limitations period, she argues the Form B-52 Notice of Controversion filed by UMMC was sufficient to toll the statute of limitations.

B. Tolling the Limitations Period in Section 71-3-35(1)

¶ 7. We have previously held that an employer’s filing of a Form B-52 Notice of *334 Controversion does not toll the two-year statute of limitations. See Tupelo Pub. Sch. Dist. v. Parker, 912 So.2d 1070, 1072 (¶ 8) (Miss.Ct.App.2005). In Parker, the claimant filed her petition to controvert approximately two years and five months after the date of her alleged injury. Id. at 1071 (¶ 3). And the administrative judge dismissed her claim as time-barred under section 71-3-35(1). Parker, 912 So.2d at 1071 (¶ 5). On appeal, the claimant argued the Form B-52 Notice of Controversion filed by her employer was sufficient to toll the two-year statute of limitations. Id. at 1072 (¶ 8). We disagreed and affirmed the dismissal, noting that “a Form B-52 is one filed by the employer or carrier. It is not an ‘application for benefits’ as specified by the two[-]year statute of limitations.” Id. Rather, “an ‘application for benefits’ as referenced in [section 71-3-35(1) ] means a petition to controvert, or some variation of a petition or motion, filed with the Workers’ Compensation Commission by the claimant, not the employer or carrier.” Parker, 912 So.2d at 1071 (¶ 8). Under Procedural Rule 2 of the Mississippi Workers’ Compensation Commission, “a cause will be controverted by the employee’s filing with the Mississippi Workers’ Compensation Commission a properly executed workers’ compensation form B-5, 11.” Parker, 912 So.2d at 1071 (¶ 8). But a Form B-52 Notice of Controversion filed by the employer and carrier “does not constitute an ‘application for benefits’ and thus does not toll the statute of limitations under [section 71-3-35(1) ].” Id.
¶8. Like the claimant in Parker, McKinney had two years from the date of her alleged injury to file a petition to controvert with the Commission. She failed to do so. And it is of no legal consequence that she filed her petition within two years of UMMC filing its Form B-52 Notice of Controversion. Unless we find UMMC should be estopped from raising the statute of limitations as a defense, her compensation claim is time-barred.

C. Estoppel

¶ 9. Though she did not expressly mention “estoppel” before the administrative judge or in her appellate brief, McKinney did suggest that her claim was untimely because UMMC had misled her into believing it would pay for her medical expenses. So we briefly address whether this doctrine applies to McKinney’s tardy filing.
¶ 10. “An employer may be es-topped from asserting the statute of limitations as a bar to a claim for benefits where the evidence shows that the employer intended to mislead the claimant, and the employee reasonably relied on such statements or actions.” Baker v. IGA Super Valu Food Store, 990 So.2d 254, 261 (¶ 23) (Miss.Ct.App.2008) (citing Brock v. Hankins Lumber Co., 786 So.2d 1064, 1067 (¶ 11) (Miss.Ct.App.2000); Holbrook ex rel. Holbrook v. Albright Mobile Homes, Inc., 703 So.2d 842, 844 (117) (Miss.1997)). But the employee must present some “evidence of inequitable behavior by the employer.” Baker, 990 So.2d at 261 (¶ 23) (citing McCrary v. City of Biloxi, 757 So.2d 978, 982 (¶ 18) (Miss.2000)).
¶ 11. In McKinney’s written appeal to the Commission, she did not cite inequitable behavior by UMMC as the cause of her untimely claim. Rather, she contended her attorney did not file her claim because her social security attorney had “advised [her] not to do so.” UMMC promptly filed its B-52 Notice of Controversion with the Commission fifteen days after the injury, and we find no record evidence to suggest UMMC engaged in any inequitable behavior. Having identified no misleading or inequitable behavior on UMMC’s part, we *335 find the Commission properly denied McKinney’s claim for benefits as untimely.
¶ 12. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.