# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CT-00403-SCT

*MATTHEW LADNER*

*v.*

*ZACHRY CONSTRUCTION AND ZURICH
AMERICAN INSURANCE COMPANY*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:            02/23/2012
TRIAL JUDGE:                 HON. LAWRENCE PAUL BOURGEOIS, JR.
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      GARNER WETZEL
                             JAMES KENNETH WETZEL
ATTORNEY FOR APPELLEES:      WALTER J. EADES
NATURE OF THE CASE:          CIVIL - WORKERS'COMPENSATION
DISPOSITION:                 REVERSED AND REMANDED - 01/30/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**EN BANC.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     The Workers' Compensation Commission (Commission) dismissed Matthew Ladner's

petition to controvert and motion for payment of benefits because it found the statute of

limitations had expired.  The Harrison County Circuit Court and a majority of the Court of

Appeals affirmed the Commission's decision.  Ladner petitioned for writ of certiorari, which

we granted.  We reverse the Commission's decision, as well as the judgments of the circuit

court and the Court of Appeals, based on our finding that there is insufficient evidence to support it.

## FACTUAL BACKGROUND

¶2. Ladner began working for Zachry Construction in 2001, a company which does subcontracting (maintenance) work for the Dupont/DeLisle facility in Pass Christian, Mississippi. Ladner's duties primarily consisted of erecting and dismantling scaffolding and "jet riding," which involved draining chemicals at the facility and required Ladner to wear a protective suit. Ladner testified that on December 27, 2006, while dismantling scaffolding, he felt something "pop" in his back, and he immediately fell to the ground. Ladner reported the accident to his supervisor, Gary Freek. Ladner was taken to see the company's safety director, Frank Young, and was then taken to the safety/first-aid trailer, where he remained for the rest of the day. Ladner thereafter missed a few days of work. Upon returning to work, Ladner's symptoms worsened. He informed Young that he needed to see a doctor. Ladner testified that, after two or three weeks of sitting in the safety trailer during work hours, he eventually saw Dr. Kevin Cooper on January 31, 2007. Dr. Cooper later referred Ladner to Dr. Lee Kesterton, a neurosurgeon. Dr. Kesterton treated Ladner until Ladner reached maximum medical improvement (MMI) on May 20, 2008. Ladner, along with a number of other employees, was laid off from Zachry Construction in December 2008. Ladner filed a petition to controvert with the Commission on August 24, 2009, alleging that he had suffered a work-related injury to his back and legs on December 27, 2006. Zachry Construction admitted the injury; but, the company asserted that Ladner had filed his petition

2

to controvert after expiration of the two-year statute of limitations prescribed by Mississippi Code Section 71-3-35(1) (Rev. 2011).

¶3.    A hearing was conducted in front of an administrative judge (AJ) in March 2010.  At the hearing, Ladner testified that he had continued to work during his treatment and was paid his regular wages from the date of the injury until he reached MMI.  Ladner stated that he did not perform his regular job responsibilities during that period; instead, he "basically sat or lay" in the safety trailer during work hours.  Ladner acknowledged on cross-examination that he occasionally did light-duty work assignments such as filing paperwork, "hole watch" duty, and "standby attendant" during safety audits, but he maintained that ninety-five percent of the time, he sat in the safety trailer watching television until he reached MMI.

¶4.    Zachry Construction presented two witness in its case, Young and Ian Devlin, safety supervisor for Zachry Construction at the Dupont/DeLisle facility.  Young testified that Ladner reported to him on December 27 that he had injured his back, for which he was treated with aspirin and topical pain reliever.  Young said Ladner never indicated to him that he needed to see a doctor.  According to Young, they eventually offered to take Ladner to Dr. Cooper, a company doctor, for a medical examination.  Dr. Cooper released Ladner to light duty or regular duty without restrictions.  Young said he knew that Dr. Cooper had referred Ladner to Dr. Kesterton.  Young could not say what type of work Ladner did "100 percent of the time" after being released by Dr. Cooper and while he was under the care of Dr. Kesterton; but he knew that Ladner had performed duties such as "standby attendant, filing, scaffold-yard hole watch, and bag-house hole watch."  Young said Ladner was not the only employee who had performed such duties; "iron workers, scaffold builders, pipe fitters,

3

all crafts could do that sort of thing." When Young was asked about Ladner's testimony that he spent ninety-five percent of the time in the safety trailer; Young stated: "I don't think that's accurate[,] . . . because [I] saw [Ladner] out in the work force."

¶5. On cross-examination, Young maintained that Ladner did not stay in the safety trailer all day every work day. But Young acknowledged that he had seen Ladner in the trailer, and he had no knowledge as to how much time Ladner had spent in the trailer. Young further acknowledged that he never spoke to any of Ladner's supervisors to confirm whether Ladner was in the trailer for most of the work days while under Dr. Kesterton's care. And Young did not know if anyone at the company would know how much time Ladner spent in the trailer or out in the field, working.

¶6. Devlin testified that he conducted the investigation into Ladner's injury, and it was he who took Ladner to Dr. Cooper. When asked about Ladner's testimony that he spent most of each work day in the safety trailer for approximately eight months, Devlin said he did not know whether that was an accurate statement or not.

¶7. The AJ concluded in a written order that Ladner had received wages in lieu of compensation, thereby tolling the statute of limitations. Zachry Construction appealed the order to the Commission. The Commission reversed the AJ's order, based on its finding that Ladner's post-injury work activities were not "so little" that he did not "earn" his wages. The Commission determined that, since Ladner had earned his wages, such wages did not constitute "wages in lieu of compensation"; thus, Ladner's claim was time-barred.

¶8.    Ladner appealed the Commission's order to the Harrison County Circuit Court, which

affirmed the order.  The Court of Appeals, in a seven-three decision, affirmed the Harrison

County Circuit Court.  ***Ladner v. Zachry Construction***, __So. 3d ____, 2013 WL 1974726

(Miss. Ct. App. May 14, 2013). We thereafter granted Ladner's petition for certiorari.

## DISCUSSION

¶9.    Our standard of review in workers' compensation cases is limited to determining

whether the Commission's decision was supported by substantial evidence, was arbitrary

and/or capricious, was beyond the Commission's authority to make, or whether a claimant's

constitutional or statutory rights were violated.  ***Gregg v. Natchez Trace Elec. Power Ass'n***,

64 So. 3d 473, 475 (Miss. 2011).  We review de novo the Commission's application of the

law.  ***Id.***

¶10.    Section 71-3-35(1) of the Workers' Compensation Act states that:

> No claim for compensation shall be maintained unless, within thirty (30) days
> after the occurrence of the injury, actual notice was received by the employer
> or by an officer, manager, or designated representative of an employer. . . .
> Regardless of whether notice was received, if no payment of compensation
> (other than medical treatment or burial expense) is made and no application for
> benefits filed with the [C]ommission within two years from the date of the
> injury or death, the right to compensation therefor shall be barred.

Miss. Code Ann. § 71-3-35(1) (Rev. 2011).

¶11.    In ***Parchman v. Amwood Prods.***, 988 So. 2d 346, 350 (Miss. 2008), we held that

> Unless there exists an agreement "that the wage is a gratuity in addition to
> workmen's compensation," when a claimant "is paid his usual salary and does
> no work for a given period or does so little work that he really does not earn
> his wage" the continued payment of the claimant's salary "will be considered
> as having been in lieu of compensation."

5

(quoting Dunn, *Mississippi Workmen's Compensation* § 45 (3d ed.1982)). Voluntary payment of compensation under these circumstances constitutes waiver of a formal claim. ***Martin v. L. & A. Contracting Co.***, 249 Miss. 441, 448, 162 So. 2d 870, 873 (1964). This tolls the statute of limitations "if [payments of wages] were made on account of a recognition of compensation liability." *Id*. (citing 2 Larson, *Workmen's Compensation Law*, §§ 78.43(c), 78.70 (1952)). "Since there is seldom any evidence on whether such an intention lay behind the payment, it must be inferred from the circumstances surrounding the payment." ***George S. Taylor Constr. Co. v. Harlow***, 269 So. 2d 337, 338 (Miss. 1972). "[I]f the payment of wages was intended to be in lieu of compensation, credit for the wages is allowed." *Id*.

¶12. Here, the Commission found that Ladner was not paid wages in lieu of compensation by Zachry Construction for his injury, noting that Ladner testified that he had participated in post-injury work activities during the period of time he contended he was paid wages in lieu of compensation, which included hole watch, safety audits, standby attendant duties, and filing paperwork. The Commission noted that both Young and Devlin testified that Ladner had performed these duties. Thus, according to the Commission, based on this testimony, the wages paid to Ladner were "in return for work done or services rendered."

¶13. Based on our review of the record, however, we find that Zachry Construction failed to sufficiently rebut Ladner's claim otherwise. The record shows that Zachry Construction continued to pay Ladner's full wages until Ladner reached MMI status. Ladner acknowledged that he performed certain post-injury work activities during this period, but he maintained throughout that he spent the majority of the time in the safety trailer doing nothing. Neither Young nor Devlin could attest to how much time Ladner spent inside the

6

trailer. And neither could state with specificity Ladner's post-injury job description. As the Court of Appeals dissent noted, at least two supervisors could have testified as to the type of work Ladner performed following his injury. *Ladner*, 2013 WL 1974726, at *5 (¶23). But no such testimony was provided.

¶14. In short, despite the fact that Ladner performed some post-injury duties for Zachry Construction, no evidence was presented in this case from which one reasonably could conclude that Ladner actually "earned" his wages during the period he was under Dr. Kesterton's care. Accordingly, we find there is insufficient evidence to support the Commission's decision.

## CONCLUSION

¶15. We find that Zachry Construction's continued payment of Ladner's wages until Ladner reached MMI status constituted payment of wages in lieu of workers' compensation benefits. Therefore, we find the petition to controvert filed in August 2009 was not barred by the statute of limitations. We reverse the judgments of the Court of Appeals, the Harrison County Circuit Court, and the Commission. We remand the case to the Commission for a hearing on the merits.

¶16. **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR.**