ROBERTS, J.,
for the Court:
¶ 1. On July 13, 2009, Elsa Perez slipped and fell while at work for Howard Industries Incorporated. She filed her petition to controvert on June 9, 2010, claiming injury to her right leg, right ankle, and lower back; however, over a year later, Perez filed an amended petition to controvert adding that she injured her right shoulder when she fell. The administrative judge (AJ) found that Perez failed to show a causal connection between her shoulder injury and her work-related fall; thus, Howard Industries was not responsible for any medical treatment or disability relating to Perez’s shoulder. The Mississippi Workers’ Compensation Commission (Commission) affirmed the AJ’s decision and adopted the AJ’s order. Perez appeals and asks this Court to review the Commission’s decision that Perez failed to show a causal connection between her work-related fall and her shoulder injury. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY

I. Medical History

¶ 2. Perez was an employed with Howard Industries on July 13, 2009, as an assembly-line worker, when she slipped on a mixture of oil and water on the floor. Perez fell, landing primarily on her right side. She notified her supervisor, who completed an accident-investigation report. Perez was sent to the MEA Medical Clinic, where she was diagnosed with multiple contusions and a right-wrist sprain. She *143 was released back to work with limited use of her right arm.
¶ 8. Still in pain, Perez was referred by MEA to Laurel Bone and Joint, where she saw Dr. Steven Nowicki on March 2, 2010. Dr. Nowicki examined Perez for her low-back and right-ankle pains. Perez met with Dr. Nowicki four times from March 2010 to April 2010. On April 29, 2010, Dr. Nowicki released her at maximum medical improvement (MMI), with zero percent impairment for her lower back. Perez then saw Dr. Daniel Michael, also with Laurel Bone and Joint. Dr. Michael saw Perez ten times from May 2010 through September 2010. At her September 17, 2010 visit, Perez first informed Dr. Michael of her right-shoulder pain. According to Perez, Dr. Michael told her he could not treat her for a shoulder injury, because it was not a result of her work-related injury. Dr. Michael released Perez at MMI on September 17, 2010. Perez was released to return to work. Perez signed choice-of-physician documents, selecting Dr. Nowicki and then Dr. Michael as her physicians.
¶ 4. Following her release from Dr. Michael, Perez claimed she was still in pain. Without approval from Howard Industries or its carrier, Perez went for treatment at South Central Urgent Care Clinic and the Laurel Family Clinic. Perez was referred to Dr. Victor Bazzone at Spinal and Neurological Surgery of South Mississippi. Dr. Bazzone performed an MRI of Perez’s right shoulder and diagnosed a rotator-cuff tear. Dr. Bazzone recommended that Perez have surgery to correct the tear.
¶ 5. Dr. Rahul Vohra, with NewSouth Neurospine, examined Perez for an independent medical evaluation (IME). After reviewing Perez’s medical history and examining her, Dr. Vohra noted that Perez’s shoulder complaint was not mentioned until a year after her injury, and in his opinion, “her shoulder pain complaints are not causally related to her fall.” Further, Perez required no “further treatment from the perspective of her on[-]the[-]job injury.” Nor did she have any permanent restrictions, and she could return to work full-time. Dr. Vohra agreed “with Dr. Nowicki’s recommendation for evaluation with orthopedic surgery for her rota-tor[-]cuff tear. However, as stated previously, I do not believe this [ (her shoulder injury) ] is a result of her [on-the-job] injury, but rather is a separate process.”

II. Procedural History

¶ 6. Perez filed her petition to controvert on June 9, 2010, and in it, she claimed she fell and landed on her right side, injuring her right leg, ankle, and low back. On August 16, 2010, Perez then requested that the Commission order that Howard Industries provide medical treatment by Dr. Bazzone. Howard Industries responded that Perez had exercised her choice of physician several times by selecting Dr. Nowicki and Dr. Michael; therefore, her request to see Dr. Bazzone should be denied.[1] Howard Industries also filed a motion to compel execution of Perez’s medical documents because Perez refused to provide them or answer questions at her deposition regarding prior accidents or other physicians seen. Following a telephonic hearing, the AJ initially denied Howard Industries’ motion to compel as an attempt “to go beyond the bounds of Mississippi law, as it relates to releasing medical information for body parts that are not current *144 ly at issue in litigation.” Then, in response to Howard Industries’ motion for clarification or reconsideration explaining it was only seeking those documents for the body parts at issue, the AJ reconsidered and ordered Perez to provide the documents from 2005-2011 related to her right leg, right ankle, and lower back. The AJ additionally ordered Howard Industries to pay for Perez to see Dr. Baz-zone and that Perez must submit to an exam by Dr. Vohra at Howard Industries’ expense.
¶ 7. Perez filed an amended petition to controvert on December 8, 2011, adding that she injured her right shoulder as a result of her slip and fall, and she moved that Howard Industries be required to pay for the medical treatment related to her shoulder. Howard Industries denied that it should pay for her shoulder treatment due to a lack of a causal connection between her on-the-job accident and her shoulder injury.
¶ 8. The AJ held a hearing on March 20, 2013. After hearing the testimony and reviewing the evidence, the AJ entered an order on May 30, 2013. In his order, the AJ found that Perez “failed to sustain the burden of proof necessary to show that there [was] a causal connection between her right[-]shoulder injury and her July 13, 2009 work-related fall.” The AJ also found that Howard Industries was liable for temporary total disability related to Perez’s injuries to her right wrist, right arm, right knee, and right-lower back, from August 2, 2010, through her MMI date of September 17, 2010, at a weekly rate of $354.72, with credit for any benefits already paid. Additionally, the AJ noted that Perez failed to prove she suffered any permanent disability resulting from her work-related injuries. Perez appealed this decision to the Commission. The Commission entered an order on November 27, 2013, stating, “Having thoroughly studied the record and applicable law, the Full Commission affirms the ‘Order of Administrative Judge’ dated May 30, 2013, and adopts the ‘Order of Administrative Judge’ by reference.”
¶ 9. Perez now appeals the Commission’s decision, and raises the following issues:
I. The ... [Commission] erred in finding that ... [Perez] failed to meet her burden of proof to show that she received an injury to her shoulder as a result of the July 13, 2009 industrial accident, and that ... [Howard Industries] and [its] carrier were not responsible for any medical treatment or disability associated with the shoulder injury.
II. The ... [Commission] erred as the matter of law[,] finding that ... [Perez] failed to prove that she suffered any permanent disability as a result of her work[-]related injuries.
ANALYSIS
¶ 10. At the outset, we note that Perez raises two issues for appeal; however, she fails to provide any argument in her brief on the issue of whether the Commission erred in finding that she did not suffer any permanent disability. Mississippi Rule of Appellate Procedure 28(a)(6) provides that an appellant’s brief “shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” “Issues cannot be decided based on assertions from the briefs alone. The issues must be supported and proved by the record.” Pulphus v. State, 782 So.2d 1220,1224 (¶ 15) (Miss.2001) (citation omitted). Because Perez does not argue the issue, we decline to address it.
*145 ¶ 11. “The standard of review in a workers’ compensation appeal is limited to whether the [Commission’s] decision is supported by substantial evidence.” Om-nova Solutions Inc. v. Lipa, 44 So.3d 935, 940 (¶ 15) (Miss.2010) (quoting Lott v. Hudspeth Ctr., 26 So.3d 1044, 1048 (¶ 12) (Miss.2010)). This Court will reverse the Commission’s decision only when the decision “is clearly erroneous and contrary to the overwhelming weight of the evidence.” Lott, 26 So.3d at 1048 (¶ 12). The Commission’s application of law is reviewed de novo. Ladner v. Zachry Constr., 130 So.3d 1085, 1088 (¶9) (Miss.2014) (citing Gregg v. Natchez Trace Elec. Power Ass’n, 64 So.3d 473, 475 (¶ 9) (Miss.2011)).
¶ 12. Perez argues that the Commission erred in finding that her shoulder injury was not causally related to her work injury. In support of her argument, she contends that because neither Dr. Nowieki nor Dr. Michael was a shoulder specialist, they were not capable of diagnosing a torn rotator cuff. Specifically, Dr. Michael did not request an MRI of Perez’s shoulder after she complained of shoulder pain on September 17, 2010. Additionally, Perez argues that the over-a-year-long delay in reporting her shoulder pain should not act as a bar because her shoulder injury was a latent injury that was not discoverable until she had an MRI and was diagnosed with a torn rotator cuff.
¶ 13. The Commission was pre- ■ sented with evidence from Dr. Michael, who initially treated Perez. Perez never mentioned any shoulder pain to Dr. Michael, or any other doctor prior to him, until the day Dr. Michael determined Perez was at MMI and was releasing her back to work. Upon seeing Dr. Bazzone, Perez informed him that she hurt her shoulder when she fell; however, she did not inform her previous doctors that her shoulder was injured until over a year after her fall. Dr. Bazzone’s opinion was partially based upon this information. Dr. Vohra conducted Perez’s IME, and he reviewed Perez’s medical records, including the records from Dr. Nowicki, Dr. Michael, and Dr. Bazzone. Dr. Vohra opined that Perez’s shoulder pain was not causally related to her work-related injury. “Ordinarily, ‘whenever the expert evidence is conflicting, an appellate court will affirm the Commission whether the award is for or against the claimant.’ ” Miller v. Johnson Controls, 138 So.3d 248, 254 (¶ 26) (Miss. Ct.App.2014) (quoting Raytheon Aerospace Support Servs. v. Miller, 861 So.2d 330, 336 (¶ 13) (Miss.2003)). An appellate court “will not determine where the preponderance of the evidence lies when the evidence is conflicting, the assumption being that the Commission, as the trier of fact, has previously determined which evidence is credible, has weight, and which is not.” Metal Trims Indus., Inc. v. Stovall, 562 So.2d 1293,1297 (Miss.1990).
¶ 14. The Commission, by reviewing the record and adopting the AJ’s opinion, weighed all the evidence regarding whether Perez’s shoulder complaints and injury were related to her work-related fall and resolved the conflicting evidence against Perez. The Commission noted that Perez saw Dr. Bazzone over two years after her fall, and he only examined her three times, whereas she was examined and treated by Dr. Nowieki and Dr. Michael approximately fourteen times within a few months after her fall. Further, according to the Commission, “[n]either Dr. Nowieki, Dr. Michael, nor Dr. Vohra related [Perez’s] right[-]shoulder problem to her July 13, 2009 work-related fall.”
¶ 15. Based upon our review of the record, we do not find that the Commission’s decision was not based upon substantial evidence; therefore, we find this issue to be without merit.
*146 ¶ 16. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, PJJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J„ CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. Perez also requested that she be treated by Dr. Lance Line at Southern Bone and Joint; he declined treating her because he was not a back specialist, which was her primary corn-plaint. Perez next requested Dr. Michael Patterson at the same clinic; Dr. Patterson said he would perform an independent medical examination, but would not treat her.