# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-WC-01085-COA

**JIMMY McINTURFF AND SANDRA McINTURFF**                                  **APPELLANTS**

**v.**

**YELLOW ROADWAY CORPORATION AND ROADWAY EXPRESS CORPORATION**                                  **APPELLEES**

DATE OF JUDGMENT:                      07/17/2018
TRIBUNAL FROM WHICH APPEALED:          MISSISSIPPI WORKERS' COMPENSATION COMMISSION
ATTORNEY FOR APPELLANTS:               JOEL W. HOWELL III
ATTORNEY FOR APPELLEES:                WILLIAM BIENVILLE SKIPPER
NATURE OF THE CASE:                    CIVIL - WORKERS' COMPENSATION
DISPOSITION:                           AFFIRMED - 04/23/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., GREENLEE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. In this appeal we must decide whether the Mississippi Workers' Compensation Commission erred when it found that Jimmy and Sandra McInturff's compensation claims were time-barred. Because the McInturffs filed their claims after the two-year statute of limitations had run, and no exceptions applied to toll the statute, we affirm the Commission's dismissal.

## FACTS PROCEDURAL HISTORY

¶2. Jimmy and Sandra were a husband and wife truck-driving team. On June 17, 2013, the couple was involved in a motor-vehicle accident in Florida while on the job for Yellow

Roadway Corporation. The McInturffs went to a local hospital in Florida where they were examined and given a work-status note removing them from work for three days. The work-status note specified that the McInturffs could "resume normal work" on June 20, 2013.

¶3.     Following the accident, Yellow Roadway paid workers' compensation medical expenses for the McInturffs' various doctor appointments, tests, physical-therapy sessions, and prescription medications for neck pain, back pain, and stiffness relating to the accident. The McInturffs were not paid any disability benefits apart from the medical expenses. At some point in February or March 2016, the McInturffs inquired about disability benefits for time missed from work due to the accident. They were subsequently advised that the medical visits and diagnostic scans that had already been authorized would be covered but that the statute of limitations had expired on their claims.

¶4.     On April 29, 2016, Jimmy and Sandra both filed individual petitions to controvert. Their claims were consolidated for discovery and hearing purposes. Yellow Roadway filed a motion to dismiss, arguing that the McInturffs' claims were barred by the statute of limitations. A hearing on the motion to dismiss was held before the Administrative Judge (AJ). Before the hearing, the McInturffs and Yellow Roadway stipulated that (1) the McInturffs suffered work-related injuries, (2) no workers' compensation disability benefits were paid to the McInturffs, (3) medical expenses under workers' compensation were paid to the McInturffs, and (4) Yellow Roadway filed the first report of injury on February 26, 2016.

¶5.     At the hearing, the McInturffs testified that after the accident, they requested disability

benefits. They allege their supervisor, Bill Willis, told them to take vacation and sick days until they felt better. As such, the McInturffs argue that they relied on Willis's instruction and did not apply for disability benefits. They testified that they were unable to work on numerous days following the accident due to pain, medical appointments, or taking medication that was contraindicated while driving. The McInturffs argue that the vacation and sick days they were paid were "wages in lieu of compensation."

¶6. Charles Eggins, a line-haul manager for Yellow Roadway, testified that in March 2016 Jimmy asked why he was not receiving workers' compensation disability benefits instead of having to take sick and vacation days. Eggins stated that this was the first time the McInturffs had inquired about disability benefits. He investigated the claim with the workers' compensation adjuster and confirmed that no disability benefits had been paid to the McInturffs other than medical expenses. Additionally, Eggins spoke with Willis, who denied that he had instructed the McInturffs to take sick and vacation days instead of applying for disability benefits. On March 17, 2016, the McInturffs received a letter from the workers' compensation carrier stating they were not entitled to any workers' compensation benefits after June 17, 2015—two years from the date of the accident.

¶7. The AJ found that the statute of limitations had run on the McInturffs' workers' compensation claims. Additionally, the AJ found that Yellow Roadway had not paid the McInturffs wages in lieu of compensation and that estoppel did not apply. The McInturffs appealed to the Commission, which affirmed and adopted the AJ's order. The McInturffs now appeal the Commission's decision to affirm the AJ's dismissal.

3

**STANDARD OF REVIEW**

¶8.     "It is well-settled law in this [s]tate that the Commission is the ultimate finder of fact in workers' compensation cases . . . ." *Logan v. Klaussner Furniture Corp.*, 238 So. 3d 1134, 1138 (¶11) (Miss. 2018). "[W]here substantial credible evidence supports the Commission's decision, then, absent an error of law, the decision must stand without judicial interference." *Id.* "The Commission's decision will be reversed only if it is not supported by substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law." *Id.* "To the extent that the Commission accepts the administrative law judge's findings and conclusions, this Court reviews those findings and conclusions as those of the Commission." *Washington v. Woodland Vill. Nursing Home*, 25 So. 3d 341, 350 (¶18) (Miss. Ct. App. 2009).

**DISCUSSION**

**I.     The McInturffs' claims are barred by the statute of limitations.**

¶9.     Mississippi Code Annotated section 71-3-35(1) (Rev. 2011) sets forth the statute of limitations in a workers' compensation claim: "Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred." So "unless the employer has paid disability compensation to the claimant," "[a] workers' compensation claimant must file for benefits within two years of the alleged injury or the claim is time-barred . . . ." *McKinney v. Univ. of Miss. Med. Ctr.*, 110 So. 3d 332, 333 (¶5) (Miss. Ct. App. 2013).

¶10. The McInturffs' injuries occurred on June 17, 2013. Other than medical expenses, they were not paid any disability compensation. They filed their petitions to controvert on April 29, 2016. That was over two years and ten months from the date of their injury. These facts are undisputed. Because the McInturffs did not apply for benefits within two years of their injuries, their claims are barred by the statute of limitations.

## II. The statute is not tolled by any extra-statutory exceptions.

¶11. The McInturffs argue the statute is tolled for two reasons. First, the McInturffs allege that Yellow Roadway paid them "wages in lieu of compensation." Second, they argue that estoppel applies because Yellow Roadway misrepresented their rights and failed to timely file a report of injury.

### A. Sick and vacation pay are not wages in lieu of compensation.

¶12. The McInturffs argue that the sick and vacation pay they received following the accident were "wages in lieu of compensation" and tolled the statute of limitations.

¶13. "[W]hen a claimant is paid his usual salary and does no work for a given period or does so little work that he really does not earn his wage[,] the continued payment of the claimant's salary will be considered as having been in lieu of compensation." *Ladner v. Zachry Constr.*, 130 So. 3d 1085, 1088 (¶11) (Miss. 2014) (internal quotation marks omitted). "Voluntary payment of compensation under these circumstances constitutes waiver of a formal claim." *Id.* "This tolls the statute of limitations if payments of wages were made on account of a recognition of compensation liability." *Id.* (internal quotation marks omitted). Because there is rarely evidence that the employer intended the payment to be in lieu of

5

compensation, "it must be inferred from the circumstances surrounding the payment." *Id.*

¶14. "Whether or not any part of [a claimant's] wages should be found to be in lieu of compensation is an issue of fact, and this Court defers to the Commission's findings of fact." *Baker v. IGA Super Valu Food Store*, 990 So. 2d 254, 258 (¶12) (Miss. Ct. App. 2008).

¶15. Here, the Commission found that the sick and vacation pay the McInturffs received were not wages in lieu of compensation. First, the Commission found that there was no evidence that the McInturffs were instructed to take sick or vacation pay. Eggins, Yellow Roadway's representative, testified that he investigated the McInturffs' claims and found that no one had instructed them to take accrued leave in the place of workers' compensation benefits. Eggins further testified that Yellow Roadway did not have a policy of paying sick or vacation time in lieu of workers' compensation benefits. None of the company records or payment documentation indicated the McInturffs' payments were related to the accident.

¶16. The documentation did show the number of alleged missed work days in comparison to the number of days the McInturffs were paid sick and vacation time. Jimmy claimed he missed 222 days of work over the course of three-and-a-half years due to the accident. But company records showed that he drove and was paid twenty-eight of those days. On forty-four of the days, he collected sick, vacation, or holiday pay. On the remaining 150 of the 222 days, Jimmy did not collect any pay. Nor did he submit any requests for payment for those alleged missed days. Similarly, Sandra claimed she missed 138 days due to the accident. Yellow Roadway's records revealed that she drove and was paid on six of those days. She collected sick, vacation, or holiday pay on twenty-three of those days. On the remaining 109

6

days, Sandra did not receive any payment, nor did she submit any requests for payment. As the Commission noted, the McInturffs alleged that they were supposed to receive sick or vacation pay instead of workers' compensation benefits, but they offered no credible explanation for the discrepancy between the alleged number of missed days and the days they received sick and vacation pay allegedly in lieu of compensation.

¶17. More importantly, the McInturffs admitted that they did not receive any payments apart from vacation and sick pay they had already accrued as an earned benefit of their time worked. Mississippi has long held that "sick pay, vacation pay, donations[,] or gratuities are not salary in lieu of compensation." *Lanterman v. Roadway Exp. Inc.*, 608 So. 2d 1340, 1349 (Miss. 1992). "There is no difference between earned sick pay and earned vacation pay." *Id*. "[B]oth are earned and neither are compensation in lieu of wages." *Id*. Accordingly, the sick and vacation pay the McInturffs received were not wages in lieu of compensation, and the statute is not tolled.

**B.      Yellow Roadway did not mislead the McInturffs.**

¶18. The McInturffs further claim that Yellow Roadway's payment of sick and vacation time estopped it from asserting the statute of limitations as an affirmative defense. Again, they allege that when they requested disability benefits, Willis, their supervisor, told them that they would have to take vacation and sick pay for missed time from work. The McInturffs state that they relied on Willis's statements and therefore did not apply for benefits.

¶19. "An employer may be estopped from asserting the statute of limitations as a bar to a

7

claim for benefits where the evidence shows that the employer intended to mislead the claimant, and the employee reasonably relied on such statements or actions." *McKinney*, 110 So. 3d at 334 (¶10). "But the employee must present some evidence of inequitable behavior by the employer." *Id*. (internal quotation mark omitted).

¶20.   The McInturffs claim that they detrimentally relied on Willis's alleged instruction to take sick or vacation days "until they felt better."  As already discussed, the Commission found no evidence, other than the McInturffs' assertion, that Willis instructed them to take sick and vacation days.  Additionally, the Commission noted that Willis left Yellow Roadway approximately one and a half months following the McInturffs' accident.  This means that for more than two years, the McInturffs continued without question to take accrued sick or vacation leave rather than apply for the disability benefits they believed they were entitled to receive.  As such, the McInturffs did not establish that Yellow Roadway behaved inequitably.  Further, they failed to show that they reasonably relied on Willis's alleged instructions.  Accordingly, Yellow Roadway is not estopped from asserting the statute of limitations defense.

### C.   Yellow Roadway did not fail to timely report the injury.

¶21.   The McInturffs also argue that Yellow Roadway is estopped from asserting the statute of limitations as a defense because it misrepresented their rights to benefits and failed to timely file notice of the injury under the reporting statute.  The Commission found that Yellow Roadway was not required to report the injury within ten days as the McInturffs argue.  It also found that the McInturffs failed to show that Yellow Roadway misrepresented

any of the McInturffs' rights to compensation.

¶22. Yellow Roadway filed the report of injury on February 26, 2016—almost two years after the injury. The McInturffs testified that it was in February 2016 when they asked Eggins why they had to take sick-and-vacation pay instead of receiving disability benefits. This prompted Yellow Roadway's report filing as well as Eggins's investigation into their claims.

¶23. Mississippi Code Annotated section 71-3-67(1) (Rev. 2011) requires self-insured employers to file an injury report with the Commission within ten days if (1) death follows an injury, (2) an injury causes more than five days of missed work, or (3) an injury resulted or is likely to result in a permanent disability or serious disfigurement. "But the failure of an employer to file notice, alone, is not sufficient to require estoppel." *Nicholson v. Int'l Paper Co.*, 51 So. 3d 995, 998 (¶13) (Miss. Ct. App. 2010). Employers have been estopped from asserting the statute-of-limitations defense when they did not timely report the injury "(1) where the injury sustained was fatal, (2) where the employer made misrepresentations to the claimant regarding its coverage, which the claimant relied upon, and (3) where the employer paid compensation to the claimant." *Id*. at (¶14).

¶24. The McInturffs' injuries did not result in death, permanent disability, serious disfigurement, or more than five days of missed work. As such, the Commission found that the McInturffs' injuries did not warrant a filing within ten days. As the Commission noted, the medical records showed that the McInturffs were treated after the accident at a nearby hospital where they were removed from work for just three days. The McInturffs were then

9

released to "resume normal work." Three missed days are insufficient to trigger an obligation to file a report of injury under section 71-3-67(1). Additionally, the Commission found that there were no other work-status notes removing the McInturffs from work until March 2016—after the statute of limitations had expired. Apart from the initial three days off work, there was no documentation, whether medical records, payment requests, or otherwise, indicating the McInturffs had missed work due to the accident.

¶25. In addition to finding that the reporting requirement was not triggered, the Commission found that Yellow Roadway had not made any misrepresentations to the McInturffs that prevented them from knowing their rights. The McInturffs did not testify that they were prevented from filing workers' compensation claims. In fact, they did file claims in order to receive medical expenses. The Commission concluded:

> The McInturffs failed to allege, much less carry their burden of proving, that their alleged conversation with Willis in June 2013 materially prevented them from receiving indemnity benefits for the next two years, or explain why, if they believed they were entitled to payment for every day they missed, they missed numerous days without requesting any payment[] at all.

¶26. Standing alone, the alleged failure to report does not estop Yellow Roadway from raising its defense of statute of limitations. The Commission's finding that Yellow Roadway did not make any misrepresentations to the McInturffs regarding their right to compensation benefits was supported by substantial credible evidence. This issue is also without merit.

## CONCLUSION

¶27. The McInturffs' claims were barred because they failed to apply for benefits within two years of the accident. There were no facts or circumstances that tolled the statute of

10

limitations.  Because the Commission's findings were supported by substantial credible evidence, we affirm the dismissal of the McInturffs' claims.

¶28.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**